Opinion
WENKE, J.
Appellant was convicted after a court trial of a violation of section 242 of the Penal Code, batteiy.
The People’s evidence showed that appellant, a welfare recipient, following a telephone conversation with her welfare counselor, went to the welfare office, screamed at the counselor and struck the counselor with a crutch. Appellant denied striking the victim and contended that she was in fact the victim of an attack by the. counselor and was only trying to defend herself.
In the settled statement appellant raised two grounds: (1) insufficiency of the evidence; (2) the decision was contrary to law. However, in her brief she raised two additional grounds, to wit: (1) that she did not make an understanding waiver of her right to a jury; (2) that she was denied effective representation of counsel.
According to the rules governing criminal appeals to this court the statement on appeal must specify all of the grounds on which appellant intends to rely and set forth so much of the evidence and other proceedings as are necessary for a decision upon said grounds. (Rule 184(b), Cal. Rules of Court.) The same rule precludes us from considering a ground of appeal unless it appears to our satisfaction that the record on appeal fairly and fully presents the evidence and other proceedings necessaiy for a decision thereon. An examination of the *Supp. 62 settled statement on appeal in this case reveals a total absence of anything pertaining to the two additional grounds of appeal raised for the first time in appellant’s brief.
Certainly, no one would deny the crucial nature of an adequate record. The record herein obviously leaves much to be desired from the appellant’s vantage point. While the appellant has not raised the matter of an adequate record we feel compelled to do so because it appears to us this case reflects a glaring deficiency in our present appellate process.[1]
In the case before us the record consists of a settled statement little more than two pages in length. The use of such statements in misdemeanor cases has been upheld as an alternative method to the use of a reporter’s transcript as a means of affording a review of a misdemeanor trial. (People v. Goudeau (1970) 8 Cal.App.3d 275 [87 Cal.Rptr. 424].)
The docket reveals that appellant was not represented by counsel at the hearing to settle the statement on appeal. She had been represented by retained counsel through the time of sentencing and, subsequently, after having been determined to be an indigent, has been and now is represented by appointed counsel on appeal. However, from approximately May 20, 1976, to November 18, 1976, she was not represented by counsel. At no time has she ever waived her right to counsel. It was during this period, specifically, on August 16, 1976, that a hearing to settle the statement on appeal was held.
The right of an indigent to counsel on appeal was established in Douglas v. People of the State of California (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814]. In California this was extended to misdemeanors involving serious consequences. (In re Henderson (1964) 61 Cal.2d 541, 543-544 [39 Cal.Rptr. 373, 393 P.2d 685].) A battery is punishable by a fine of not exceeding $1,000 or by punishment in the county jail not exceeding six months, or by both. We deem such penalties to be “serious consequences.”
The fact that appellant may not have requested counsel on appeal cannot be considered as a waiver, for the right does not depend upon a request. (People v. Wells (1968) 261 Cal.App.2d 468, 472 [68 Cal.Rptr. 400].)
*Supp. 63 The Supreme Court of this state has pointed out the fact that counsel frequently withdraw from a case upon conviction and sentence and that appellate courts do not appoint counsel until the record on appeal is filed. (People v. Tucker (1964) 61 Cal.2d 828, 831-832 [40 Cal.Rptr. 609, 395 P.2d 449].) In Tucker the court was considering an untimely notice of appeal. On page 832 of the opinion it said: “It seems quite clear that, regardless of the technical legal status of the trial attorney after conviction, a defendant who desires to appeal is entitled to protection during this vital 10-day period. Although the act of filing a notice of appeal is purely mechanical, its timely performance is vital. Help to an uninformed client in such circumstances is indispensable.”
The courts have recognized that there are critical junctures in the criminal justice system wherein the assistance of counsel is essential. For example, a suspect is entitled to counsel before being placed in a lineup for identification purposes (United States v. Wade (1967) 388 U.S. 218, 236 [18 L.Ed.2d 1149, 1163, 87 S.Ct. 1926]); before questioning by officials, in the accusatory stage (Miranda v. Arizona (1966) 384 U.S. 436, 465-472 [16 L.Ed.2d 694, 718-722, 86 S.Ct. 1602, 10 A.L.R.3d 974]; Escobedo v. Illinois (1964) 378 U.S. 478, 488 [12 L.Ed.2d 977, 984, 84 S.Ct. 1758]); and while in jail, (People v. Boyden (1953) 116 Cal.App.2d 278, 284-285 [253 P.2d 773]).
The trial court has the duty of preparing a truthful settled statement on appeal (rule 187, Cal. Rules of Court). Incident to this the court may rely on its own notes as well as the appellant’s proposed statement and any proposed amendments. (People v. Jenkins (1976) 55 Cal.App.3d Supp. 55, 64-65 [127 Cal.Rptr. 870].) Respondent suggests that there is nothing in the record in the case before us to indicate that the trial court was remiss in performing its duty. While that may be true, the right to have the assistance of counsel at all critical stages of the proceeding, including the process of review, is too fundamental to allow us to indulge in a subtle calculation as to whether a defendant has been prejudiced by its denial. (In re Smiley (1967) 66 Cal.2d 606, 625 [58 Cal.Rptr. 579, 427 P.2d 179].) In this case, we point to the omission of two grounds now asserted on appeal and any record in support of same from the settled statement on appeal. Certainly the presence of counsel at the settlement stage would have substantially reduced or, in all likelihood, eliminated such an occurrence.
A realistic evaluation of the statement settlement process, taking cognizance of the inevitably adverse impact of the passage of time and the consideration of a multitude of other matters between the time of *Supp. 64 trial and the time of settlement on the memory of trial judges, reinforces our belief that the assistance of informed counsel during the preparation and settlement of the statement on appeal is essential to a defendant seeking review. This appraisal of the situation is underscored by the fact that few judges have the opportunity or ability to make a verbatim record of the proceedings before them.
We are not venturing into uncharted waters. Presently, defense counsel, by reason of that fact alone, are obligated to take certain minimum steps with respect to the notice of appeal where a client clearly indicates a desire to appeal. (In re Benoit (1973) 10 Cal.3d 72, 87-88 [109 Cal.Rptr. 785, 514 P.2d 97]; People v. Ribero (1971) 4 Cal.3d 55, 65 [92 Cal.Rptr. 692, 480 P.2d 308].) The circumstances in our case are more compelling than those in Benoit and Ribero in that in those cases the task imposed, assistance in the filing of a notice of appeal, could have been done by any attorney while in the case before us no one is as uniquely qualified to assist in the preparation of the statement on appeal as the trial attorney.
Similarly, in People v. Davis (1967) 255 Cal.App.2d 907, 909 [64 Cal.Rptr. 1] the court said with respect to the written statement required by Penal Code section 1237.5 relating to felony appeals after a guilty plea: “It would have been incumbent upon trial counsel to perform that function if called upon to do so; the time for compliance with the requirements of section 1237.5 is short and trial counsel would have obvious advantages over a newcomer to the case in preparing a valid statement of the intended grounds of appeal.”
In accordance with these views we hold that a defendant is entitled to the assistance of counsel in connection with the preparation and settlement of a statement on appeal, a critical point in a criminal proceeding. Further, that trial counsel, be they court-appointed or privately retained, and regardless of whether they intend to participate in the appeal, have an obligation to assist in the preparation and settlement of the statement on appeal. Henceforth, this must be considered an integral part of a lawyer’s responsibility whenever a notice of appeal is filed.
Having established the principle, we must determine whether it will have retroactive application. The Supreme Court of this state has clearly enunciated the criteria by which we are guided. (In re Johnson (1970) 3 Cal.3d 404, 410 [90 Cal.Rptr. 569, 475 P.2d 841].) The following language is found on pages 410 and 411 of that opinion: “The retrospective effect *Supp. 65 of a law-making opinion is to be determined by ‘ “(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.” ’ [Citation.] It is also clear that the factors of reliance and burden on the administration of justice are of significant relevance only when the question of retroactivity is a close one after the purpose of the new rule is considered. [Citation.]
“. . . Fully retroactive decisions are seen as vindicating a right which is essential to a reliable determination of whether an accused should suffer a penal sanction....”
On page 411 the court set forth some illustrations of matters given retroactivity such as the right to counsel at trial, at arraignment, and on appeal. In a later case, the Court of Appeal, seemingly with prescience insofar as the case before us is concerned, stated the rule thusly: “On the other hand,, where the purpose of the rule vindicates a right which is essential to ensuring the reliability of the fact-finding process, the rule will be given fully retroactive effect.” (People v. McAlister (1976) 54 Cal.App.3d 918, 925 [126 Cal.Rptr. 881].)
One of the primary objectives of the statement settlement procedure is to set forth the evidence introduced at the trial, an integral part of the fact-finding process. (Rule 184(a), Cal. Rules of Court.) As we have established, the presence and participation of trial counsel is essential if this is to be accomplished in a reliable way. Accordingly, the right to have the assistance of trial counsel in connection with the preparation and settlement of the statement on appeal shall be applied retroactively.
This case is remanded to the trial court for resettlement of the statement on appeal in accordance with this opinion. Counsel previously appointed for appellant on this appeal shall continue to act as her attorney for the purposes of settling the statement in this case.
Cole, P. J., and Alarcon, J., concurred.

 Because of the potential impact on the practice of law of a decision mandating participation by trial counsel in the preparation and settlement of a statement on appeal, we invited amicus curiae briefs from the Public Defender of Los Angeles County and the Criminal Courts Bar Association. Our invitation was accepted in each instance.