Opinion
 

 THE COURT.
 

 This opinion is upon motion of the minor, after hearing, for reversal and order of this court for new trial pursuant to our jurisdiction under Code of Civil Procedure section 914 due to the failure of the court reporter to take down notes of the closing arguments of counsel at the jurisdictional hearing, thereby denying the minor a reporter’s transcript on appeal as to that portion of the proceedings below.
 

 Upon findings that the 15-year-old minor had violated Penal Code section 187 (murder) and Penal Code section 32 (harboring a felon), he
 
 *297
 
 was declared a ward of the juvenile court (Welf. & Inst. Code, § 602) and committed to the California Youth Authority. He appealed to this court.
 

 The record was filed on appeal but the reporter’s transcript of the jurisdictional hearing failed to include the closing arguments of counsel. At page 107 of that transcript it merely recited, “(Argument by counsel).”
 

 The minor applied to this court for augmentation to include the reporter’s transcription of closing argument. We ordered the augmentation. Compliance with our augmentation order has proven impossible as the court reporter failed to take notes of the closing arguments.
 

 Based upon the inability to provide a complete reporter’s transcript on appeal, the minor has moved this court for an order which would reverse and direct a new trial. At the outset we note that Welfare and Institutions Code section 677 required the court reporter to “take down in shorthand” the closing arguments of counsel. It is unquestionable that the reporter was required to record closing argument and that the minor, upon a proper showing, is entitled to inclusion of that closing argument in the record on appeal.
 

 To the extent the People resist the minor’s new trial motion on the ground there is no showing (or reason to believe) the missing transcript is necessary to the minor’s appeal, the People are wrong. Clearly one issue to be posed to this court is that of constitutionally defective trial counsel. Incompetent counsel is an issue often raised on appeal but rarely found supported. One reason for the dismal success record of the appellate issue is that the appellant may not simply speculate incompetency but must affirmatively prove it as a demonstrable reality on the record.
 

 To successfully contend incompetency, what an appellant usually needs is trial counsel speaking his ignorance or mistake on the record. That is the exact situation found in the cornerstone decision of
 
 People
 
 v.
 
 Ibarra,
 
 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487]. If we were to conclude that the closing argument of the minor’s counsel was here inconsequential to the appeal, we would be divesting the minor of that part of the record which
 
 might
 
 best support his contention (or which
 
 might
 
 best destroy the contention). This we cannot do and therefore find the argument of the People on the point to be without merit.
 

 
 *298
 
 The position of the minor on the effect of the unavailable transcript is that reversal and new trial are per se required. Supporting authority for the position is found in the cases of
 
 In re David T.,
 
 55 Cal.App.3d 798 [127 Cal.Rptr. 729], and
 
 People
 
 v.
 
 Hulderman,
 
 64 Cal.App.3d 375 [134 Cal.Rptr. 223], both decided by Division One of this court and with hearing denied in the more important
 
 David T.
 
 case.
 

 On the other hand, there is considerable persuasion to the People’s contention that no logical reason exists to treat this type of record defect any differently than a similar defect found in the case of an adult criminal defendant. If this proposition is accepted, then the criminal cases providing for a “fair substitute” for the transcript would be applicable. Representative cases of the “fair substitute” concept are
 
 People
 
 v.
 
 Chessman,
 
 35 Cal.2d 455 [218 P.2d 769, 19 A.L.R.2d 1084];
 
 People
 
 v.
 
 Scott,
 
 23 Cal.App.3d 80 [100 Cal.Rptr. 34], and
 
 People
 
 v.
 
 Fuentes,
 
 132 Cal.App.2d 484 [282 P.2d 524], Also see rule 39, California Rules of Court.
 

 The People’s position goes on to urge that we should remand this matter to the trial court for the purpose of attempting to prepare a “fair substitute,” i.e., an agreed statement or a settled statement. At this point the persuasion swings to the minor as he contends such a record would be highly unfair to him since his trial counsel is dead.
 

 We do not resolve the question of whether a “fair substitute” is permissible' in Welfare and Institutions Code section 602 juvenile appeals for if we assume such procedure is appropriate, we must nevertheless grant minor’s motion. The “fair substitute” urged by the People is an agreed statement or a settled statement.
 

 It is undisputed that counsel who represented the minor at the jurisdictional hearing is dead. This creates an unusual situation for not only has the error of the court reporter occurred but that error has been compounded by the death of minor’s then counsel.
 

 The Appellate Department of the Los Angeles Superior Court in
 
 People
 
 v.
 
 Wilson,
 
 72 Cal.App.3d Supp. 59 [140 Cal.Rptr. 274] has recently held that the preparation of a settled statement on appeal is a critical point in a criminal proceeding. The court concluded “that the assistance of
 
 informed
 
 counsel during the preparation and settlement of the statement on appeal is essential to a. defendant seeking review.”
 

 
 *299
 
 (Italics added.) The
 
 Wilson
 
 case is crystal, clear that it is the assistance of trial counsel to which the defendant is entitled. Presence and participation, not necessarily representation, is required of trial counsel.
 

 In
 
 People
 
 v.
 
 Manson,
 
 61 Cal.App,3d 102 [132 Cal.Rptr. 265], the attorney for Leslie Van Houten disappeared from trial after both sides had rested but before jury instructions had been finalized and before closing arguments. While a new attorney was appointed as co-counsel for her, it was concluded that Van Houten had been denied the effective assistance of counsel because her trial counsel was not available to present her argument to the jury. The court found the handicap on the new attorney too great to assume a meaningful adversary posture for he had been absent from all trial proceedings except argument. The court weighed the harm to Van Houten caused by the absence of her lawyer at a critical stage against the burden of retrial and concluded that “the fair administration of justice demands reversal.” The court also quite accurately observed that “[u]nder our. system of justice expediency is never exalted over the interest of fair trial and due process.” (Pp: 197-203.)
 

 We agree with
 
 Wilson
 
 that preparation of the appeal record when it is by means of agreed or settled statement is a critical stage for the appellant. We must also recognize that at the heart of the problem we consider is the failure of an official of the court, the court reporter, to fully discharge his duties mandated by law. It makes no difference why the court reporter did not report, the fact is that the minor has been deprived of a portion of the record because of the court reporter’s omission.
 

 Built upon this governmental error is the death of minor’s counsel which, in our opinion, creates an intolerable circumstance in the terms of preparation of a “fair substitute” for the record to which the minor was entitled. And then, not only is the minor’s counsel unavailable but the input the minor himself could provide is reasonably nonexistent not only because of lack of legal training but because of youth as well as the strain that must have existed in facing a proceeding to determine whether he had performed an act of murder.
 

 Minor’s present counsel could, of course, represent the boy in preparation of a record but he accurately complains that such representation would be meaningless for he was not present at the jurisdictional
 
 *300
 
 hearing. While he could protect procedural rights, counsel’s assistance would be worthless on the substantive content of the substitute record.
 

 We have no hesitancy to conclude that given the death of counsel any so-called “fair substitute” would be a tarnish on the fairness of the judicial appellate process. Whether the concern of this court be termed as denial of Sixth Amendment rights or just a matter of common sense and a respect for fundamental due process, we are of the opinion that if we directed the court below to attempt a “fair substitute” we would be making a mockery of fundamental fairness.
 

 We do not intend to suggest that the court below, the prosecutor, or anyone else involved in preparing a substitute record would act with any impropriety.
 
 Wilson
 
 observed “that few judges have the opportunity or ability to make a verbatim record of the proceedings before them.” That case also recites that the necessity of informed counsel’s participation in the substitute record preparation is even more important because “of the inevitably adverse impact of the passage of time and the consideration of a multitude of other matters between the time of trial and the time of settlement on the memory of trial judges.” Here the argument of counsel was made on May 26, 1976.
 

 Whatever the state of memories and notes might be, the minor is certainly entitled to input by his then counsel. The minor is not necessarily entitled to
 
 representation
 
 by his trial counsel in the substitute record preparation for another attorney could adequately provide that function
 
 so long as the trial attorney was available for input.
 

 There may be cases in which a “fair substitute” could be prepared without the presence of trial counsel—this we do not decide. It is upon the facts and circumstances of this case before us that we conclude that a “fair substitute” record cannot be prepared. It is not enough for our review to merely prepare a “substitute” record.
 

 We repeat the unquestionable language of
 
 Manson,
 
 “[ujnder our system of justice expediency is never exalted over the interest of fair trial and due process.” To that we add that such expediency will not be exalted over a fair appeal. Our Supreme Court offered sage direction, occasionally overlooked in the enmeshed framework of procedural questions, when it said that “[¡Judicial logic should not be carried ruthlessly beyond the point of common sense. It should be the tool and
 
 *301
 
 not the master of judicial craftsmanship.”
 
 (Cothran
 
 v.
 
 San Jose Water Works,
 
 58 Cal.2d 608, 612 [25 Cal.Rptr. 569, 375 P.2d 449].)
 

 The minor is correct that under the circumstances a proper and trustworthy record cannot be prepared for review of this court. It thus is unnecessary to determine if the “fair substitute” procedure is available in juvenile appeals.
 

 The minor’s motion is granted. The jurisdictional findings and dispositional order are reversed and the case remanded to the juvenile court for new trial. (Code Civ. Proc., § 914; Pen. Code, § 1181, subd. 9.)