[S.F. No. 24003. Aug. 21, 1979.]

In re STEVEN B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
STEVEN B., Defendant and Appellant.

**COUNSEL**

Maxim N. Bach and Anthony J. LaBouff for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe and Nancy L. Sweet, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BIRD, C. J.**—Does the destruction of the stenographic notes of one of the two days of appellant's jurisdictional hearing in juvenile court entitle him to vacation of the judgment against him and to a new hearing when his appeal is based on the sufficiency of the evidence?

I

Evidence introduced at the first day of appellant's jurisdictional hearing, October 6, 1977, showed that as appellant, a minor, drove his van past three bicyclists on a street in Chico at 5:15 p.m. one day, the mirror on the right side of the van struck one of the cyclists. She fell to the pavement after striking the side of the van, and suffered a bruised hip, concussion, and numerous scrapes and bruises. The three cyclists testified that after the accident the van accelerated and turned the corner. A passing motorist pursued the van.

The prosecutor introduced a statement made by appellant to the police on the day following the accident. In the statement, appellant indicated he had driven his van on the street in question and remembered passing the bicyclists. He thought one of them hit the side of the van with her hand as a joke. Appellant became scared when he saw another car pursuing him and he accelerated his van. It subsequently developed that both he and his older brother had given the police information on schoolmates thought to be dealing in drugs, and that he and his family had been subjected to a pattern of harassment after they had cooperated with the police.

Appellant moved for "acquittal" on the ground that the prosecution had failed to prove every element of the offense of hit-and-run. The court asked counsel to submit briefs on whether a violation of Vehicle Code section 20003 required knowledge that an injury had occurred. The hearing was continued to October 27, 1977. On October 27, appellant's father testified. The court then denied appellant's motion and sustained the petition against him for violating Vehicle Code sections 20001 and 20003. He was placed on probation without being made a ward of the court. (Welf. & Inst. Code, § 725, subd. (a).)

After a notice of appeal was filed, the court reporter, who had taken down the proceedings, discovered that his notes of the second day of the

jurisdictional hearing had been inadvertently destroyed.[1] Appellant moved, pursuant to Code of Civil Procedure section 914, to set aside the judgment and requested a new jurisdictional hearing. The Attorney General opposed the motion and it was denied. In June 1978, the case was remanded to the juvenile court to attempt completion of the reporter's transcript by constructing a settled statement.

Appellant's counsel informed the Attorney General and the Court of Appeal two months later that his memory of the second day of the hearing was not sufficient to permit him to attempt a settled statement. Further, he stated that he had received no communication from the Butte County District Attorney regarding preparation of a settled statement. The Court of Appeal nevertheless affirmed the judgment on the limited and partial record before it.

## II

This court must decide whether a juvenile, who is deprived of a complete transcript of his jurisdictional hearing through destruction of the reporter's notes, may be required by the appellate court to pursue his appeal without a complete transcript.

■ In a proceeding in juvenile court to declare a minor a dependent or ward of the court, the minor is entitled to have the proceedings transcribed. Pursuant to Welfare and Institutions Code section 677, an official court reporter "shall" take down the oral proceedings before a juvenile court judge. The reporter "must" transcribe the proceedings upon the request of the court, the minor, or the minor's parent or attorney.[2] In addition, if a minor is unable to afford counsel on appeal,

---

[1]The court reporter's declaration, filed April 3, 1978, stated: "[A]ll of my stenographic notes for this jurisdictional hearing on October 27, 1977 have been destroyed, or lost. These notes were inadvertently thrown out by the janitor at the end of November, and as a consequence the jurisdictional hearing on October 27, 1977 cannot be transcribed."

[2]Section 677 provides in pertinent part:

"At any juvenile court hearing conducted by a juvenile court judge, an official court reporter shall, and at any such hearing conducted by a juvenile court referee, the official reporter, as directed by the court, may take down in shorthand all the testimony and all of the statements and remarks of the judge and all persons appearing at the hearing; and, if directed by the judge, or requested by the person on whose behalf the petition was brought, or by his parent or legal guardian, or the attorneys of such persons, he must, within such reasonable time after the hearing of the petition as the court may designate, write out the same or such specific portions thereof as may be requested in plain and legible longhand or by typewriter or other printing machine and certify to the same as being correctly reported and transcribed, and when directed by the court, file the same with the clerk of the court."

After an unreported hearing conducted by a referee, the minor is entitled to a hearing

the minor "shall be provided a free copy of the transcript." (Welf. & Inst. Code, § 800; see *Dana J.* v. *Superior Court* (1971) 4 Cal.3d 836 [94 Cal.Rptr. 619, 484 P.2d 595].)

Rule 39 of the California Rules of Court governs juvenile court appeals.[3] Subdivision (a) provides that the rules governing criminal appeals are applicable "except where otherwise expressly provided by this rule, or where the application of a particular rule would be clearly impracticable or inappropriate." Subdivision (c) delineates the normal record on appeal, consisting in part of a reporter's transcript of all oral proceedings except opening statements and oral arguments. The proce-

de novo before a judge as a matter of right. (Welf. & Inst. Code, § 252; see *In re Edgar M.* (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406].) The hearing de novo must be reported.

[3]Rule 39 provides in pertinent part:

"(a) [General provision] The rules governing appeals from the superior court in criminal cases are applicable to all appeals from the juvenile court except where otherwise expressly provided by this rule, or where the application of a particular rule would be clearly impracticable or inappropriate. This rule does not apply to any action or proceeding heard by a traffic hearing officer, nor to any rehearing or appeal from a denial of a rehearing following an order by a traffic hearing officer.

". . . . . . . . . . . . . . . . .

"(c) [Contents of record on appeal—normal record] The record on appeal shall include the following (which shall constitute the normal record):

"(1) A clerk's transcript, containing copies of: (a) the notice of appeal and any order made pursuant thereto; (b) the petition and any notice of hearing addressed to the minor, the parent, or guardian; (c) any application or motion for rehearing; (d) all minutes of the court relating to the action; (e) the findings of the juvenile court that the minor is within its jurisdiction; (f) the judgment or order appealed from.

"(2) A reporter's transcript of the oral proceedings taken at the jurisdiction and disposition hearing, but excluding opening statements and oral arguments.

"(3) To be transmitted as originals upon request by the reviewing court as provided in rule 10: any exhibit admitted in evidence or rejected.

"If the appeal is taken from any subsequent order under section 395 or 800, the record on appeal shall include only those portions of the clerk's transcript, reporter's transcript and exhibits as are incident to the order appealed from.

"(d) [Request for additional record] Either party may request the inclusion in the record of any of the following:

"(1) In the clerk's transcript: (a) written motions made or notices of motion given by either side, and affidavits filed in support of or in opposition to a motion for rehearing or any other motion; (b) any written opinion of the juvenile court; (c) any probation officer's or social worker's report relating to the action.

"(2) In the reporter's transcript: (a) proceedings on any prehearing motions; (b) opening statements; (c) oral arguments to the court; (d) any oral opinion of the juvenile court.

"(3) To be transmitted as originals: any exhibits admitted in evidence or rejected that have not been requested by the reviewing court under subdivision (c)(3).

"If a party desires any additional record he shall file with the notice of appeal or as soon thereafter as is practicable an application describing the material desired and the points on which appellant intends to rely which make its inclusion appropriate. The court shall act on the application in accordance with rule 33(b).

dure for augmenting the record is set forth in subdivision (d). The rule does not expressly provide for a procedure if a complete reporter's transcript is unavailable.

■ In a criminal case, the trial or reviewing court is expressly authorized to grant a new trial when a substantial portion of the reporter's notes are lost or destroyed. (Pen. Code, § 1181, subd. 9; see also Code Civ. Proc., § 914.) ■ In addition, an appellant may move for permission to prepare a settled statement when a portion of the reporter's transcription cannot be obtained. (Rule 36(b), Cal. Rules of Court.) However, no statute, rule or case holds that a settled statement is appropriate in a juvenile court appeal when a complete transcript is unavailable.

The importance of a complete transcript in juvenile appeals has been repeatedly acknowledged. This court stated in *Dana J.* v. *Superior Court, supra,* 4 Cal.3d 836, that the statute which provides that an indigent minor appellant shall be provided with a complete transcript on appeal precludes a court from requiring an indigent minor to proceed by way of a settled statement. (See Welf. & Inst. Code, § 800.) "It is also clear from the language of section 800 that, contrary to the People's suggestion, the Legislature did not intend to permit the juvenile court to order a settled statement in lieu of a transcript, as is the practice in certain criminal appeals. See *Magezis* v. *Municipal Court,* 3 Cal.3d 54." (4 Cal.3d at p. 840, fn. 6.)[4]

Relying on *Dana J.,* the Court of Appeal in *In re David T.* (1976) 55 Cal.App.3d 798, 801 [127 Cal.Rptr. 729], held that the failure of the court to appoint an officially licensed reporter constituted reversible error because the minor was thereby denied the certified transcript to which he was entitled by statute and which was a prerequisite to perfecting an appeal. Similarly, where the official reporter had failed to record counsel's oral arguments, the judgment was reversed and a new hearing ordered. (*In re Andrew M.* (1977) 74 Cal.App.3d 295 [141 Cal.Rptr. 350].)[5]

[4]*Magezis* v. *Municipal Court* (1970) 3 Cal.3d 54 [88 Cal.Rptr. 713, 473 P.2d 353] held that an indigent adult misdemeanant did not have a right to a complete transcript on appeal. In *March* v. *Municipal Court* (1972) 7 Cal.3d 422, 428 [102 Cal.Rptr. 597, 498 P.2d 437, 66 A.L.R.3d 945], it was held that once an indigent misdemeanant shows a "colorable need" for a complete transcript, the burden is on the state to show that something less will suffice.

[5]The Court of Appeal declined in *Andrew M.* to decide whether a " 'fair substitute' is permissible" or to remand for a settled statement, in view of the death of the minor's trial counsel. (74 Cal.App.3d at p. 298.)

"[A]t the heart of the problem we consider is the failure of an official of the court, the court reporter, to fully discharge his duties mandated by law. It makes no difference why the court reporter did not report, *the fact is that the minor has been deprived of a portion of the record because of the court reporter's omission."* (74 Cal.App.3d at p. 299, italics added.)

It bears emphasis that in *David T., Andrew M.* and the present case, a breach of the duty imposed by Welfare and Institutions Code section 677 occurred. In *David T.,* the court failed to provide an officially licensed reporter. In *Andrew M.,* the reporter neglected to take down the arguments of counsel. In the present case, the reporter's notes of one of the two days of the jurisdictional hearing were destroyed. The reporter was thus precluded from fulfilling his duty to transcribe the proceedings on request. Consequently, through no fault of his own, the minor in each case was deprived of the complete, official transcript to which he is entitled.[6]

Appellant was represented on appeal by the same counsel who represented him at his jurisdictional hearing. However, several months elapsed before counsel was aware that the reporter's notes had been destroyed, and counsel was not asked to prepare a settled statement of the October 1977 proceedings until nine months after those hearings. Unable to adequately recall the proceedings, counsel indicated an inability to participate in formulating a settled statement.[7]

■ It is clear that "[o]n appeal there must be an adequate record to enable the court to pass upon the questions sought to be raised." (*People v. Apalatequi* (1978) 82 Cal.App.3d 970, 973 [147 Cal.Rptr. 473].) This

---

[6]It is difficult to understand the basis on which the dissent attempts to distinguish *Andrew M.* and *David T.* from the present case. (*Post,* pp. 10-11.) In neither *David T., Andrew M.* nor the present case can "the loss of the reporter's notes . . . be ascribed to either party." In each case, it was the fault of the court or one of its officers or employees. While the minor's appellate counsel in this case did represent the minor at trial, there is nothing in *David T.* which suggests the same circumstance was not present there. In any case, counsel's professed inability to recall the pertinent proceeding in this case renders this a distinction without a meaningful difference.

[7]In an August 3, 1978, letter to the Attorney General, counsel asserted that he was "unable to recall" what occurred at the October 27, 1977, jurisdictional hearing. This fact not only impeded the reconstruction of witness testimony at that hearing but precluded agreement on the juvenile court's rulings. In response to the Attorney General's statement that the court had granted a motion to strike certain testimony, the minor's counsel stated "nor do I recall and certainly have no recollection of any motion to strike being granted, in fact, my recollection is the opposite . . . ." Counsel also professed himself "totally unable to reconstruct my closing arguments," lacking any outline to aid him.

requirement is particularly important where, as here, the sufficiency of the evidence is challenged. In the present case, a substantial part of the record of appellant's jurisdictional hearing is missing. Under these circumstances, there is no adequate substitute for a complete record. A minor's right to an effective appeal should not be conditioned on his counsel's retentive powers. This is particularly true when counsel has no reason to suspect in advance of the hearing that he will be required to recall a part of the proceedings to argue his client's appeal. Finally, it bears repeating that a minor in juvenile court is statutorily entitled to have the proceedings recorded and is entitled to a complete transcript on appeal. (Welf. & Inst. Code, §§ 677, 800.) Under these conditions, appellant is entitled to a new jurisdictional hearing.

The Attorney General argues that appellant is not entitled to a new hearing because he failed to show that a settled statement would not suffice. The Attorney General relies on *People* v. *Chessman* (1950) 35 Cal.2d 455, 459-462 [218 P.2d 769, 19 A.L.R.2d 1084], *People* v. *Fuentes* (1955) 132 Cal.App.2d 484, 488 [282 P.2d 524], and *People* v. *Scott* (1972) 23 Cal.App.3d 80 [100 Cal.Rptr. 34] for this proposition.

These cases are of dubious precedential value in the present case. In both *Chessman* and *Fuentes,* a portion of the trial transcript could not be prepared by the trial reporter. Both courts noted that there was no provision for granting a new trial in such cases (*Chessman, supra,* 35 Cal.2d at p. 460; *Fuentes, supra,* 132 Cal.App.2d at p. 487), and upheld the propriety of appellate review on the records before them. However, the inability to obtain a complete reporter's transcript has been made a ground for a new trial in criminal cases since *Chessman* and *Fuentes.* (Pen. Code, § 1181, subd. 9; see also Code Civ. Proc., § 914.)[8] Further, this court has repeatedly affirmed in recent years the importance of an adequate record as one of the basic tools of an effective appeal. (See, e.g., *March* v. *Municipal Court, supra,* 7 Cal.3d at p. 428; *People* v. *Barton* (1978) 21 Cal.3d 513, 518 [146 Cal.Rptr. 727, 579 P.2d 1043].) For

---

[8]The two provisions are substantially identical. Penal Code section 1181, subdivision 9 provides:

"9. When the right to a phonographic report has not been waived, and when it is not possible to have a phonographic report of the trial transcribed by a stenographic reporter as provided by law or by rule because of the death or disability of a reporter who participated as a stenographic reporter at the trial or because of the loss or destruction, in whole or in substantial part, of the notes of such reporter, the trial court or a judge, thereof, or the reviewing court shall have power to set aside and vacate the judgment, order or decree from which an appeal has been taken or is to be taken and to order a new trial of the action or proceeding."

example, it has been held that where prosecutorial misconduct in closing argument is claimed, the loss of the reporter's notes of the arguments of counsel precludes the reviewing court from fully considering the merits of an appeal. The submission of a settled statement was considered "insufficient [to permit] effective appellate review." (*People* v. *Apalatequi, supra,* 82 Cal.App.3d at p. 973.)

Moreover, these cases are distinguishable from the present case on a number of grounds. In each case, the defendant or his counsel actively participated with the trial court and the district attorney in reconstructing the unavailable transcript.[9] In *Fuentes* and *Chessman,* the trial judges had also maintained detailed notes of the proceedings. (*Chessman, supra,* 35 Cal.2d at p. 458; *Fuentes, supra,* 132 Cal.App.2d at p. 486.) In *Scott,* the parties essentially concluded an agreed statement. (Cal. Rules of Court, rule 36(a).) The *Scott* court observed that "[d]efendant has not contended that he recalls any issues of fact or law which were before the trial court which are omitted from the settled statement. Nor does he assert that there is material included in that statement which was not, in fact, before the trial court." (*People* v. *Scott, supra,* 23 Cal.App.3d at p. 86.) In contrast, counsel in the present case stated his memory was inadequate to permit him to participate in the construction of a settled statement. Further, in neither *Fuentes* nor *Scott* did the defendant challenge the sufficiency of the evidence as in the present case.

## III

The loss or destruction of a court reporter's notes is an uncommon occurrence. As such it randomly burdens isolated appellants, denying them adequate appellate review. It does not advance the cause of justice to require these appellants to proceed with such a handicap. "It is far better that a defendant be retried than that the state should permit itself to be subject to the criticism that it has denied an appellant a fair and adequate record on appeal." (*People* v. *Fuentes, supra,* 132 Cal.App.2d at p. 490 (conc. opn. of Shinn, J.); see *In re Andrew M., supra,* 74 Cal.App.3d at p. 300.) The burden of requiring a new hearing is small indeed compared to the importance of ensuring that justice is done on an adequate record on appeal.

---

[9]In fact, *Chessman* did not involve the loss or destruction of the reporter's transcript, but the failure of the reporter to finish transcribing his notes before he died. The transcription was finished by another reporter from the original notes, with the aid of the trial judge's "voluminous notes." (35 Cal.2d at p. 458.)

The judgment is vacated and the cause remanded.

Tobriner, J., Mosk, J., Manuel, J., and Newman, J., concurred.

**CLARK, J.**—I dissent for the reasons so well expressed by Presiding Justice Puglia for the unanimous Court of Appeal. To his fine opinion I add one observation: The only witness who testified on 27 October 1977—the day for which the reporter's notes are unavailable—was defendant's father. Because of the importance of the proceedings for his son, one would reasonably expect defendant's father to have a lively recall of his testimony. Yet there is no indication in the record that defendant's counsel on appeal, who also represented defendant below, made any attempt to enlist the father's assistance in formulating a settled statement. In light of this apparent dereliction I cannot conclude defense counsel made a good faith effort to prepare a settled statement. The relevant portions of Justice Puglia's opinion are set forth below.

On appeal the minor contends that inability to secure a complete reporter's transcript requires reversal. He relies upon two recent Court of Appeal decisions. *In re David T.* (1976) 55 Cal.App.3d 798 [127 Cal.Rptr. 729] is a case in which the juvenile court directed a shorthand reporter who was not an official reporter (as defined in Gov. Code, § 69942) to record the oral proceedings. The Court of Appeal held that alternate means of creating a verbatim record were not available because lack of an authorized record was due to the fault of the trial court in failing to abide by Welfare and Institutions Code section 677 which requires appointment of an official reporter.

In *In re Andrew M.* (1977) 74 Cal.App.3d 295 [141 Cal.Rptr. 350] the official reporter erroneously omitted to report the oral arguments of counsel in a juvenile court hearing. On the minor's motion under Code of Civil Procedure section 914, the Court of Appeal vacated the judgment and remanded for new trial, holding that the intervening death of the minor's trial attorney so compounded the error of the court reporter that an adequate substitute record could not be prepared. The court assumed without deciding that a fair substitute record might otherwise be appropriate in juvenile court proceedings.

Both *David T.* and *Andrew M.* are distinguishable from the case at bar. In neither case did there exist shorthand notes of an official reporter that

could have been transcribed. In *David T.* the trial court was at fault; in *Andrew M.* the court reporter was at fault and his omission was compounded by the death of the minor's trial counsel. In the instant case, the loss of the reporter's notes cannot be ascribed to either party; furthermore, the minor is represented on appeal by the very same attorney who represented him in the trial court.

Thus we address the question expressly left open in *In re Andrew M., supra* (at pp. 298, 301), *viz.,* whether the appellate court may resort to a substitute record which fairly permits it to perform its reviewing function, where the absence of a reporter's transcript in a juvenile court hearing is not due to the fault of either party.

In *People* v. *Chessman* (1950) 35 Cal.2d 455 [218 P.2d 769, 19 A.L.R.2d 1084], a capital case, the reporter had died before he could complete transcription of his notes. The Supreme Court stated, " 'we know of no rule which permits us to presume that defendant did not have a fair trial because a portion of the record upon . . . appeal has been destroyed without fault of either party.' " (P. 462, quoting from *People* v. *Botkin* (1908) 9 Cal.App. 244, 249 [98 P. 861].) Rule 35(b) of the California Rules of Court, then as now, required that on the filing of notice of appeal the reporter shall prepare the reporter's transcript. The Supreme Court held that "where literal compliance with the rules has become impossible without fault of anyone, and we are confronted with a situation not expressly covered by the rules, we should inquire whether there is or can be made available a record on which this court can perform its function of reviewing the cause and determining whether there was error in the court below and, if so, whether such error requires reversal. If a record can be 'prepared in such a manner as to enable the court to pass upon the questions sought to be raised' [citation], then there is no rational likelihood or legally cognizable possibility of injustice to the appealing defendant even though a verbatim record certified by the official reporter cannot be supplied." (*Chessman, supra,* 35 Cal.2d at p. 460.)

The *Chessman* rule has been applied in *People* v. *Fuentes* (1955) 132 Cal.App.2d 484 [282 P.2d 524], and *People* v. *Scott* (1972) 23 Cal.App.3d 80 [100 Cal.Rptr. 34], in each of which part of the reporter's notes was lost and could not be transcribed; it was also applied in *People* v. *Hulderman* (1976) 64 Cal.App.3d 375 [134 Cal.Rptr. 223], where the oral proceedings at the time of judgment and sentence were not reported by an official reporter (cf. *People* v. *Serrato* (1965) 238 Cal.App.2d 112 [47 Cal.Rptr. 543]).

There is a distinction between juvenile court cases and criminal prosecutions in relation to the question under consideration here. In the former case, an official reporter is required by statute to report all hearings conducted by the juvenile court (Welf. & Inst. Code, § 677); in the latter case the rules of court assume that felony criminal trials will be reported (see, e.g., Cal. Rules of Court, rules 33(a)(2), 33(b)(2), 35(b); Pen. Code, § 1246), but nowhere does it appear that the trial court is required to order the proceedings recorded (*People* v. *Hulderman, supra,* 64 Cal.App.3d at p. 381, fn. 2) and the rules do provide acceptable alternatives to a reporter's transcript in certain circumstances (Cal. Rules of Court, rule 36(a), agreed statement; rule 36(b), settled statement).

We do not believe, however, that Welfare and Institutions Code section 677 was intended to preclude a reviewing court from utilizing on appeal a fair substitute for a reporter's transcript where the necessity therefor arises without fault of either party and it can be done consistent with the proper discharge of that court's function and without jeopardy to the appellant's right to meaningful appellate review. There is no more reason to assume error from lack of a proper record in a juvenile hearing than in a felony prosecution. Moreover, felony prosecutions no less than juvenile court hearings may result in deprivation of liberty. In the case of the former, the deprivation is likely to be for a more protracted period and, unlike a juvenile hearing, a felony prosecution may even result in deprivation of life itself (see *People* v. *Chessman, supra,* 35 Cal.2d 455). Furthermore, Code of Civil Procedure section 914, the remedial provision upon which the minor relies, does not in terms mandate the grant of a new trial in every case where a reporter's notes have been lost; rather it invests the trial and reviewing courts with that power, to be exercised, however, in their discretion as justice requires.

The minor contends that resort to a substitute record is precluded by rule 39(c), California Rules of Court, which provides that the record in a juvenile appeal "shall include . . . .

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(2) A reporter's transcript of the oral proceedings taken at the jurisdiction and disposition hearing, . . ."

Rule 39, however, mandates no more in juvenile appeals than is required in the way of a reporter's transcript in criminal appeals by rule 33(a)(2), and the latter rule is no impediment to reliance on a substitute record in criminal appeals where circumstances so require.

We therefore hold that an appeal in a juvenile court proceeding may be determined on a substitute record where, through the fault of neither party, the required record cannot be perfected, but a record nonetheless can be " 'prepared in such a manner as to enable the court to pass upon the questions sought to be raised' " (*People* v. *Chessman, supra,* 35 Cal.2d at p. 460). We further hold that a settled statement (rule 36(b), Cal. Rules of Court) may in appropriate cases provide such a record. (Cf. *In re Andrew M., supra,* 74 Cal.App.3d 295.)

As we have indicated, we remanded this matter to the trial court for preparation of a settled statement. No such statement has been prepared and we are not advised what, if anything, was done in furtherance of our order. Rather, the parties proceeded to brief the appeal on the record before us, the minor asserting the lack of a complete record as ground for reversal. In conjunction with that contention, counsel in his opening brief states merely that he "is unable to recall what motion to strike was granted on October 27, 1977."

Where, without fault of either party, a verbatim transcript cannot be prepared, "It is not sufficient . . . to state in a general way" that a transcript is essential to meaningful review. Counsel "must show in a reasonably particularized presentation the reasons why [he] cannot inform the reviewing court by a settled statement of the claimed inadequacies and errors." (*Magezis* v. *Municipal Court* (1970) 3 Cal.3d 54, 58 [88 Cal.Rptr. 713, 473 P.2d 353].) Here, as in *Grimes* v. *Municipal Court* (1971) 5 Cal.3d 643 [97 Cal.Rptr. 9, 488 P.2d 169], counsel has not shown that a settled statement would be inadequate; he has not advised us whether he has contacted the trial judge and the district attorney to attempt to settle the record, and if he did not do so, he has not explained why. It is the burden of the appealing party, here the minor, to take the initiative to attempt together with the other trial participants in good faith to prepare a settled statement which will permit the court to pass upon the contentions raised, and if such is not reasonably possible, to demonstrate to this court with particularity why not. (*Grimes* v. *Municipal Court, supra,* at pp. 646-647.)

Richardson, J., concurred.