Filed 1/23/14  P. v. Montoya CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C073539 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF123545) |
| v. | |
| CARLOS MONTOYA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Carlos Montoya has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d

---

[1]     Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

436.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On September 6, 2012, officers conducted a probation search of defendant's brother's home. Defendant was in the shower when the officers arrived. When Officer Pelle requested defendant come out of the bathroom, she saw him turn quickly back to the bathroom and retrieve a black fanny pack. Defendant brought the bag with him and sat down on the couch in the living room, as requested.

Officer Pelle noticed that defendant's eyes were watery and glassy, and he was argumentative and defensive. She shined a light on his eyes and they did not constrict and dilate as they should have considering the darkness of the room. She then performed a drug evaluation on defendant and, based on her training and experience, formed the opinion that he was under the influence of an opiate.

During the drug evaluation, defendant stated that he had methamphetamine in the fanny pack, but claimed he had found it and had planned to dispose of it. Officer Berrera searched the bag and found methamphetamine and a loaded syringe containing heroin. Defendant consented to a search of his vehicle wherein officers discovered an open bag of hypodermic needles. Defendant was taken into custody.

After his motion to suppress evidence was denied, defendant pled no contest to possession of heroin. (Health & Saf. Code, § 11350, subd. (a).) In exchange for his plea, it was agreed that two additional counts would be dismissed and he would be placed on drug treatment probation.

Sentencing took place on April 15, 2013. The trial court suspended imposition of sentence, placed defendant on probation and imposed various fines and fees. Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

     HULL     , J.

We concur:

     RAYE     , P. J.

     MAURO     , J.