Filed 2/25/15  P. v. Juarez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C076612 |
| Plaintiff and Respondent, | (Super. Ct. No. LF013164A) |
| v. | |
| KELLY JO JUAREZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kelly Jo Juarez has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d

---

[1]     Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

436.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 109-110, 123-124.)

On February 10, 2012, at approximately 7:00 p.m., Target store protection specialist, Michael Slater, saw defendant select a box of diapers, a 12-pack of soda, a four-pack of energy drinks, and a bag of candy, and place them in a shopping cart. Defendant then took a plastic Target bag from her purse and placed the energy drinks and candy in the bag. She put the bag in her cart with the sodas and placed the box of diapers on top of the bag.

Defendant then went to the prepared food area at the front of the store, left her cart, and purchased a soda. She sat in the food area for a while, drinking her soda, then pushed her cart to a bench inside the store by the exit, and sat there for a while. She then got up and exited the store with the merchandise in her cart without stopping at the registers to pay for the items.

Slater left the security office where he had observed defendant's actions on the surveillance cameras, and met store manager, Robert Bohen, to confront defendant. Bohen contacted defendant just outside the exit door, identifying himself as Target security needing to speak with her, and taking hold of her arm. Defendant, who had control of the cart, turned to face Bohen, looked at him for a few seconds, then sprayed him in the eyes with pepper spray. She then struggled, pulled, and tried to run away, but Bohen held on to her arm. With Slater's assistance defendant was apprehended and handcuffed. The items defendant had in the cart and had removed from the store were the diapers, soda, energy drinks, and candy.

2

Defendant was charged with second degree robbery (Pen. Code, § 211),[2] second degree burglary (§ 459), and unlawful possession or purchase of tear gas. (§ 22810, subd. (a).) It was further alleged defendant had a prior strike conviction for robbery. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) On January 23, 2014, defendant entered into a negotiated agreement whereby she pleaded no contest to robbery and admitted the strike, in exchange for a stipulated sentence of four years in state prison.

On May 5, 2014, the trial court sentenced defendant in accordance with the plea agreement to the low term of two years for robbery, doubled, for a total of four years in state prison. The trial court also imposed various fines and fees, and awarded defendant 521 days of presentence custody credit.

Defendant appeals. The trial court issued a certificate of probable cause. (§ 1237.5.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.


      NICHOLSON    , J.


We concur:


     RAYE      , P. J.


     BUTZ      , J.

---

[2] Undesignated statutory references are to the Penal Code.

3