Filed 3/9/15  P. v. Ballacchino CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C076873 |
| Plaintiff and Respondent, | (Super. Ct. No. CM040403) |
| v. | |
| ROCCO DELAMO BALLACCHINO, | |
| Defendant and Appellant. | |

Counsel for defendant Rocco Delamo Ballacchino has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d

---

[1]    Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## FACTS

On April 24, 2014, police officers responded to a report of domestic violence at a gas station.  When the officers got there, Kimberly Fortino, the mother of defendant's child, was found bleeding heavily from her head.  She and defendant had gotten into an argument during which defendant had grabbed her roughly (causing bruising), hit her in the head with a guitar, and then punched her in the back of her head.  Although two people had witnessed the argument and defendant hitting Fortino, defendant claimed Fortino had slammed him to the ground and hit him, and he had fled.

Defendant was charged with inflicting corporal injury on his child's mother and assault with a deadly weapon.  It was further alleged that defendant had used a deadly weapon when inflicting corporal injury.  On May 21, 2014, defendant pled guilty to inflicting corporal injury on his child's mother.  In exchange, the remaining charges and two unrelated cases were dismissed with a *Harvey*[2] waiver.

On June 18, 2014, the trial court sentenced defendant to the upper term of four years in state prison.  The trial court imposed various fines and fees, reserved the matter of victim restitution, and awarded defendant 101 days of presentence custody credit.

Defendant appeals.  His request for a certificate of probable cause was denied.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

**2**    *People v. Harvey* (1979) 25 Cal.3d 754.

## DISPOSITION

The judgment is affirmed.

        ROBIE        , Acting P. J.

We concur:

      MAURO       , J.

      DUARTE      , J.

3