Filed 10/15/15  P. v. McCoy CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DAVON E. McCOY,<br><br>        Defendant and Appellant. | B262312<br><br>(Los Angeles County<br>Super. Ct. No. YA026628) |

        APPEAL from an order of the Superior Court of Los Angeles County, Steven R. Vansicklen, Judge.  Affirmed.

        Davon E. McCoy, in pro. per.; Anthony W. Tahan, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

On August 7, 1996, the trial court in this matter sentenced Davon McCoy to 25 years to life under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)),[1] after a jury found him guilty of attempted second degree robbery (§§ 211 & 664) and possession of a firearm by a felon (former § 12021, subd. (a)(1)).  At that sentencing hearing, the court found McCoy had sustained two prior serious felony convictions, one for assault with a deadly weapon on a peace officer or firefighter (§ 245, subd. (c)) on February 11, 1993, and one for attempted robbery on August 1, 1994.  (*People v. McCoy* (Feb. 21, 2014, B249684) [nonpub. opn.], p. 2.)[2]

On January 13, 2015, McCoy filed a petition to recall his sentence pursuant to section 1170.18, added by Proposition 47.  Under section 1170.18, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."  (§ 1170.18, subd. (a).)  On January 21, 2015, the trial court issued a minute order denying McCoy's petition without a hearing on the ground McCoy's current offenses "are not eligible for Prop 47."

On February 18, 2015, McCoy filed a notice of appeal from the order denying his petition to recall his sentence.  We appointed counsel to represent him on appeal.  After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] As cited above, these facts are taken from our opinion in a prior appeal in this case where we were asked to independently review McCoy's challenge to an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36.  (§ 1170.126.)  On the court's own motion, we take judicial notice of the record in that prior appeal, case No. B249684.

436. On July 14, 2015, we advised McCoy that he personally had 30 days to submit any contentions or issues he wished us to consider. We also directed his appointed counsel to send the record and opening brief to McCoy immediately.

On August 17, 2015, McCoy filed a supplemental brief attaching numerous exhibits relating to his prior convictions. In the letter brief, McCoy challenges the validity of his prior convictions, which is not a proper ground for moving to recall a sentence under section 1170.18.[3] McCoy does not dispute the current offenses—attempted second degree robbery and possession of a firearm by a felon—are classified as felonies today, just as they were when he committed the crimes. Because these offenses are not currently classified as misdemeanors, he has no relief under section 1170.18.

We have examined the record and are satisfied that McCoy's counsel has complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The January 21, 2015 order, denying McCoy's petition to recall his sentence under section 1170.18 (Proposition 47) is affirmed.

NOT TO BE PUBLISHED.

CHANEY, Acting P. J.

We concur:

JOHNSON, J.

LUI, J.

---

[3] We have reviewed the entire record in this case and case No. B249684, and McCoy's supplemental briefs on appeal in this case and case No. B249684, and see no valid ground for McCoy's challenge to his prior convictions.