Filed 3/15/16  P. v. Whiteside CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079065 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F01068) |
| v. | |
| STEVE WHITESIDE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Steve Whiteside has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d

---

[1]  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On or about November 28, 2013, defendant and codefendant Sparkle Krystal Scott responded to a Craigslist ad listing a car for sale.[2]  Scott stayed behind while defendant went for a test drive, with the seller driving.  During the test drive defendant asked the seller if he could drive the car.  As the seller was getting out of the driver's side door, defendant slid across the bench seat (bumping the seller's shoulder), and drove off in the car.

Also on November 28, 2013, defendant responded to a Craigslist ad listing a car for sale.  He checked out the engine and then asked to test drive the car.  The seller drove for awhile then agreed to let defendant drive.  As the seller was walking around the rear of the car to get into the passenger seat, defendant slid across the bench seat and drove off in the car.

On January 5, 2014, defendant responded to a Craigslist ad listing a car for sale.  Defendant asked to go for a test drive and the seller agreed, allowing defendant to drive the car.  After awhile, defendant said he was lost and asked the seller to drive back.  The seller got out and, as he was walking around the car to get into the driver's seat, defendant drove off in the car.

On January 7, 2014, a buyer was looking on Craigslist for a car and responded to defendant's ad listing a Lexus for sale.  Defendant told the buyer the Lexus was sold but that he had a Volvo for sale.  The buyer purchased the Volvo for cash.  It was subsequently discovered the Volvo was a stolen vehicle.

[2]  Craigslist is a website providing local classifieds and forums for jobs, housing, items for sale, personals, services, local community, and events.

2

On February 21, 2014, defendant and Scott responded to a Craigslist ad listing a car for sale. Scott asked the seller to look under the hood of the car and, as she did so, defendant got into the driver's seat of the car and drove off. Scott got into her car and drove off.

On February 22, 2014, defendant and Scott responded to a Craigslist ad listing a BMW for sale. After the seller showed defendant the car, defendant asked to test drive it. As the seller started to walk around to get into the passenger seat, defendant drove off in the car. Scott sped off in her car, following defendant.

On February 23, 2014, a buyer was looking on Craigslist for a car and responded to defendant's ad listing a Lexus for sale. Defendant told the buyer he did not have the Lexus anymore but that he had a BMW for sale. The buyer purchased the BMW for cash. When the buyer attempted to register the car, it was discovered the car was stolen.

A jury found defendant guilty of five counts of vehicle theft (Veh. Code, § 10851, subd. (a)) and two counts of grand theft (Pen. Code, § 487, subd. (a)).[3] Defendant admitted he had prior convictions for vehicle theft and receiving stolen property.

Sentencing took place on April 17, 2015. The trial court sentenced defendant to nine years four months, as follows: the upper term of four years for the principal vehicle theft conviction, one year each (one-third the midterm) for the four additional vehicle theft convictions, and eight months each (one-third the midterm) for the two grand theft convictions. His sentence was to be split with five years four months to be served in county jail and the remainder on supervised release. (§ 1170, subd. (h).) However, defendant also received two consecutive eight-month terms for two separate criminal cases for which he was found in violation of his probation. Thus, his total aggregate sentence was 10 years 10 months, the first six years two months to be spent in county jail,

---

[3] Undesignated statutory references are to the Penal Code.

followed by a period of supervision of four years eight months.  (§ 1170, subd. (h).)  The trial court also ordered defendant to pay victim restitution and various fines and fees, and awarded defendant with 409 days of presentence custody credit.  Defendant appeals.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                          HULL                , J.


We concur:


        BLEASE          , Acting P. J.


        ROBIE           , J.