Filed 5/25/16  P. v. Cole CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080615 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F04790) |
| v. | |
| THOMAS RAY COLE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Thomas Ray Cole has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d

---

[1]    Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

436.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

Few facts regarding defendant's underlying offense are contained in the record. The record merely reflects that, on August 4, 2015, defendant was found to be in possession of marijuana for the purpose of sale and in possession of a nine-millimeter handgun.

A felony complaint was filed alleging defendant unlawfully possessed marijuana for the purpose of sale (Health & Saf. Code, § 11359), with a firearm enhancement (Pen. Code, § 12022, subd. (a)(1)); he unlawfully possessed a firearm within 10 years of a misdemeanor conviction for battery (Pen. Code, § 29805); and he unlawfully carried a concealed weapon within a vehicle (Pen. Code, § 25400, subd. (a)(1)), with an ammunition enhancement (Pen. Code, § 25400, subd. (c)(6)(A)).

On September 16, 2015, defendant pleaded no contest to unlawful possession of marijuana for the purpose of sale and admitted he committed the offense while armed with a firearm. (Health & Saf. Code, § 11359; Pen. Code, § 12022, subd. (a)(1).) In exchange for his plea, it was agreed he would be placed on probation for five years rather than receiving a state prison sentence at the outset. In exchange for his plea, the remaining charges were dismissed.

Defendant waived reference to probation and, immediately following entry of defendant's no contest plea, the trial court placed defendant on probation in accordance with the plea agreement. The trial court also ordered defendant to serve 300 days in county jail as a condition of probation, imposed various fines and fees, and awarded defendant with 85 days of presentence custody credit.

Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

2

DISPOSITION

The judgment is affirmed.


      NICHOLSON    , J.


We concur:


      BLEASE      , Acting P. J.


      MAURO      , J.