Filed 11/25/13  P. v. Allen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MELVIN ALLEN,<br><br>        Defendant and Appellant. | C073458<br><br>(Super. Ct. No. SF122061A) |

        This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

        An information filed in December 2012 charged defendant Melvin Allen with attempted murder (count 1; Pen. Code, §§ 187/664), carrying a concealed firearm (count 2; Pen. Code, § 25400, subd. (a)(1)), carrying an unregistered firearm (count 3; Pen. Code, § 25850, subd. (c)(6)), obstructing a peace officer (count 4; Pen. Code, § 148, subd. (a)(1)), assault with a firearm (count 5; Pen. Code, § 245, subd. (a)(2)), and shooting at an occupied motor vehicle (count 6; Pen. Code, § 246).  As to count 1, it was alleged that defendant personally and intentionally discharged a firearm (Pen. Code,

1

§ 12022.53, subd. (c)) and personally used a firearm (Pen. Code, §§ 12022.5, subd. (a), 12022.53, subd. (b)). As to count 5, it was alleged that defendant personally used a firearm (Pen. Code, §§ 1203.06, subd. (a)(1), 12022.5, subd. (a)).

Defendant pled no contest to count 6 in exchange for the dismissal of the remaining counts and allegations, with the trial court retaining discretion to impose any sentence from probation to the upper term.

According to police reports, which constituted the factual basis for the plea, defendant asked the victim to hold a gun for him at the victim's home. The victim's grandmother found the gun and demanded the victim return it to defendant. After the victim tried and failed several times to get defendant to pick up the gun, the victim gave it to a mutual friend. Defendant claimed the victim owed defendant money for the gun. The victim refused to pay defendant, and their friendship ended. Defendant later threatened the victim with a gun. A couple of weeks later, the victim was driving and saw defendant trying to pull up alongside him; when the victim sped up, defendant gave chase, then fired at the victim's car, striking it three times. Defendant was later arrested with the aid of a canine officer. Defendant was carrying a loaded firearm which matched the caliber of a casing found at the crime scene.

The trial court sentenced defendant to five years in state prison (the midterm). The court awarded 125 actual days and 19 conduct days of presentence custody credit. (This award was later amended to 125 actual days and 125 conduct days.) The court imposed a $280 restitution fine (Pen. Code, § 1202.4, subd. (b)), a suspended parole revocation restitution fine in the same amount (Pen. Code, § 1202.45), a $40 court operations assessment (Pen. Code, § 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d

436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


     HULL     , Acting P. J.


We concur:


     DUARTE     , J.


     HOCH     , J.

3