Filed 3/4/14  P. v. Hatfield CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C072871 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR82062) |
| v. | |
| SHERMAN ANTHONY HATFIELD, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**PROCEDURAL AND FACTUAL BACKGROUND**

Defendant Sherman Anthony Hatfield was charged with transporting marijuana (count 1; Health & Saf. Code, § 11360, subd. (a)) and possessing marijuana for sale (count 2; Health & Saf. Code, § 11359).  After the trial court denied defendant's motion

1

to suppress evidence and ruled that defendant could not raise a defense under the Compassionate Use Act (Health & Saf. Code, § 11362.5) or the Medical Marijuana Program Act (Health & Saf. Code, § 11362.7 et seq.), defendant entered a plea of no contest to count 2, on the understanding that count 1 would be dismissed and that he could receive a term of 16 months to three years. The parties stipulated that the preliminary hearing provided the factual basis for the plea.

At the preliminary hearing, investigator Eric Clay of the Tehama Interagency Drug Enforcement Task Force testified that he saw an advertisement on Craigslist for "extra 215 meds for sale." He corresponded by text message with defendant, who had placed the advertisement. They agreed to meet in Cottonwood so that Clay could purchase two pounds of marijuana from defendant for $2,500 a pound. At the meeting, defendant and a passenger were detained and one pound of marijuana was recovered from his vehicle. Clay *Mirandized* defendant, who proceeded to answer Clay's questions. Defendant, who said he was a member of various marijuana collectives and dispensaries and had a medical marijuana recommendation, claimed he intended not to sell the marijuana to Clay, but to give it to him in return for a "donation."

At the sentencing hearing, the trial court imposed a term of 16 months (the low term on count 2), to be served in county jail. (Pen. Code, § 1170, subd. (h)(1).) The court awarded defendant one day of custody credit. The court imposed a $400 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $40 court operations assessment (Pen. Code, § 1465.8), a $30 conviction assessment (Gov. Code, § 70373), a $180 aggregate laboratory fee (Health & Saf. Code, § 11372.5, subd. (a)), and a $360 aggregate drug program fee (Health & Saf. Code, § 11372.7, subd. (a)).

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d

2

436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


                                                                    MURRAY            , J.



We concur:



        RAYE            , P. J.



        ROBIE            , J.


3