Filed 4/30/14  P. v. Vargas-Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE EDUARDO VARGAS-GARCIA,<br><br>    Defendant and Appellant. | C074481<br><br>(Super. Ct. No. CRF12614) |

Appointed counsel for defendant Jose Eduardo Vargas-Garcia has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We find no errors and affirm the judgment.

**BACKGROUND**

Erika Pomaris and defendant had been married and have children together; by October 2012 they had separated.  Defendant sent Pomaris a message that he was going to drop their children off at her mother's home.  When Pomaris returned home, she saw

1

defendant, but did not know where her boyfriend Jose Tomayo was. She asked defendant where Tomayo was, and defendant answered he had killed Tomayo and Tomayo was lying dead in the park. Pomaris tried to call the police and defendant knocked the phone out of her hand and slapped her across the face. Tomayo later reported he had been assaulted by defendant, who had also threatened to get a gun from his car and shoot Tomayo. Tomayo was afraid for his life and hid in a ditch.

Defendant pleaded guilty to count 4 of an amended information charging him with infliction of corporal injury on a spouse (Pen. Code, § 273.5, subd. (a))[1] with an agreed upon maximum sentence of two years in prison, the low term. Counts 1-3 were to be dismissed with a *Harvey* waiver[2] pursuant to the plea agreement. Defendant signed the plea form indicating he had discussed the resolution of the case with his attorney, understood it and had been informed of the immigration consequences of his plea. The certified interpreter who assisted in translating the form also signed the plea form.

The trial court sentenced defendant to the stipulated aggregate term of two years in state prison, awarded him 544 days of presentence custody credits, and ordered him to pay a $560 restitution fund fine (§ 1202.4, subd. (b)), a $560 parole revocation fine suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373). The court also ordered defendant to have no contact with Pomaris and reserved jurisdiction over any restitution award. It denied defendant's request for a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


      DUARTE      , J.


We concur:


    NICHOLSON   , Acting P. J.


    MURRAY    , J.