Filed 8/20/14  P. v. Colburn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | C075226 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F129) |
| v. | |
| CHARLES MICHAEL COLBURN, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)  Defendant Charles Michael Colburn was charged with fraudulently drawing checks in the amounts of $500.00, $247.35, $54.05, and $20.00 (Pen. Code, § 476a, subd. (a) – counts one, two,

1

four & five)[1] and theft of personal property (§ 484, subd. (a) – count three). During the pendency of the matter, upon defense counsel's request, the trial court initiated proceedings to inquire into defendant's mental competency. (§ 1368.) Defendant was assessed by two psychologists who determined, based on their examinations of defendant, that he was competent to stand trial. Thus, the trial court reinstated the criminal proceedings.

Defendant subsequently waived his right to a jury trial and entered into a plea agreement. As part of a plea bargain, the People moved to reduce all felony counts to misdemeanors and to dismiss counts one through four with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. Defendant, in turn, pleaded guilty to a single misdemeanor count of drawing a fraudulent check (§ 476a, subd. (a) – count five).

The trial court suspended imposition of defendant's sentence and placed him on informal probation for 36 months. The trial court further ordered defendant to pay a $40.00 court security fee, a conviction fee of $30.00, a restitution fund fine of $140.00, a probation violation restitution fine of $140.00, stayed pending successful completion of probation, and a booking fee of $121.00. At the subsequent restitution hearing, the trial court ordered defendant to pay victim restitution in the sum of $846.40, which includes the values of the fraudulent checks and also insufficient funds fees paid by the recipients of those checks. The court made the order after defendant presented testimony that he believed funds would be available at the time he wrote the checks.

Defendant timely appealed, without obtaining a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d

---

[1]     Undesignated statutory references are to the Penal Code.

436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


     NICHOLSON     , Acting P. J.


We concur:


     BUTZ     , J.


     DUARTE     , J.