Filed 9/18/14  P. v. Cokley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOHNNIE COKLEY,<br><br>　　　　Defendant and Appellant. | C074205<br><br>(Super. Ct. No. 12F07946) |

　　　　This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we affirm the judgment.

　　　　We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

### FACTUAL AND PROCEDURAL BACKGROUND

　　　　Defendant was riding his bicycle without a light when police officers stopped him and learned he was on parole for committing spousal abuse.  He ran from the officers and surrendered after a brief pursuit.  He was wearing a backpack and when asked if there was a firearm in the backpack, he answered yes.  The officer found a loaded .38-caliber

1

revolver in the backpack. In addition to being on parole for domestic violence, defendant had two parole violations. He also had a prior conviction for carjacking. The victim of the carjacking was a 75-year-old woman, who tried to prevent defendant from taking the car and fell on the ground as defendant was driving away. She sustained bruises and abrasions.

Defendant entered a plea of no contest to being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1))[1] and admitted having a prior strike conviction for carjacking (§§ 215, 667, subd. (b)(i), 1170.12). In exchange, defendant agreed to a stipulated term of 16 months, doubled to 32 months because of the strike.

Prior to sentencing, defendant filed a *Romero* motion[2] arguing that the strike allegations should be dismissed in the interest of justice because his current offense was nonviolent and his first strike was committed approximately nine years earlier. The court denied the motion because the carjacking, which the court found was not remote, involved violence and the new offense involved a firearm. The court sentenced defendant to the stipulated term of 16 months, doubled because of the strike to 32 months. The trial court awarded defendant 412 days of presentence custody credits, ordered him to pay a $240 restitution fund fine, stayed imposition of a $240 section 1202.45 restitution fine pending successful completion of post release supervision, and imposed a $40 court facility fee and a $30 conviction assessment.

Defendant appeals. He did not obtain a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  Defendant filed a supplemental brief in which he contends the trial court erred in denying his *Romero* motion because his new offense was nonviolent.  He also appears to argue that there are factors set forth in his *Romero* motion that were not considered.  He attached a copy of the *Romero* motion filed in the trial court to his supplemental brief.

### DISCUSSION

We find no error.  A trial court's "failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)  We will not reverse for abuse of discretion unless defendant shows the decision was "so irrational or arbitrary that no reasonable person could agree with it."  (*Id.* at p. 377.)  In ruling on a *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Reversal is justified where the trial court was unaware of its discretion to strike a prior strike, or refused to do so at least in part for impermissible reasons.  (*Carmony, supra,* 33 Cal.4th at p. 378.)  But where the trial court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]."  (*Ibid.*)

Here, the trial court considered defendant's written motion and argument of counsel at the hearing.  The court expressly stated it understood it had the discretion to strike the prior conviction.  The record makes clear the court identified factors that it

3

deemed significant and denied the motion.  We also note that defendant was on parole for domestic violence at the time of the new offense and had previously violated his parole twice.  We find no abuse of discretion in the denial of the *Romero* motion.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


     MURRAY     , J.


We concur:


     RAYE     , P. J.


     BLEASE     , J.