Filed 9/12/16  P. v. Brand CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080134 |
| Plaintiff and Respondent, | (Super. Ct. No. 60441) |
| v. | |
| CHARLES BRAND, | |
| Defendant and Appellant. | |

In this appeal from the denial of a Penal Code section 1170.18[1] petition for resentencing, appointed counsel for defendant Charles Brand has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d

---

[1] Further undesignated statutory references are to the Penal Code.

1

436.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## BACKGROUND

Ronda Borden was working at a Sacramento area Kmart on February 14, 1981. At around 7:00 p.m., she saw defendant pushing a cart in the housewares department that contained a color television still in its box. Borden told him to pay for the television in the appliances department, and then lost sight of him.

Timothy Borem worked as a security manager at the Kmart that night. He learned that a man had pushed a television set to the outside area of the building supply department. He went outside and found the television, which sold for $418, still in its box. Although it was outside the store walls, it remained on the store's property, in a fenced area where building supplies were kept and displayed to the public. Borem called law enforcement, and was told to "stake out" the television set.

At around 2:30 a.m., a car drove around the store and parked in a nearby apartment complex. A man and a woman left the car and went to the fence's gate. Borem heard the sound of the gate's chain being sawed off, and at around 4:00 a.m., heard the gate slide open.

Defendant pleaded guilty to second degree burglary (§ 459) and was sentenced to a two-year state prison term.

In August 2015, defendant filed a section 1170.18 petition to redesignate the burglary conviction to a misdemeanor. The trial court summarily denied the petition.

## DISCUSSION

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to section 1170.18 remains an open question. Our Supreme Court has not spoken. The *Anders/Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as

2

a matter of right and courts have been loath to expand their application to other proceedings or appeals.  (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.)  Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements.

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order) is affirmed.

> /s/
> Duarte, J.

We concur:


/s/
Nicholson, Acting P. J.


/s/
Renner, J.