Filed 10/19/15  P. v. Taylor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C078696 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF145211) |
| v. | |
| AGEORBEN TAYLOR, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ageorben Taylor has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1] (*People v. Wende* (1979) 25 Cal.3d

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

436.) Having reviewed the record as required by *Wende*, we order a correction to the abstract of judgment and affirm.

## FACTS

On October 17, 2014, defendant's cohort, Kaokoy Saephan, rang the doorbell and knocked on the door of the victim's residence. When there was no answer, Saephan got into a car that was parked on the street. A short time later, defendant rang the doorbell and knocked on the victim's door, and peeked inside the window of the residence. Defendant then went back to the same car that was parked on the street. They drove off, with a third individual driving, and returned a few minutes later. Defendant rang the doorbell again and put on pink gloves. At the same time, Saephan peeked through the window. The victim also heard someone trying to get in through the window. The men left when they saw the victim inside the residence. The car was located and stopped, and all three men, including defendant, were arrested. Inside the car, officers found a pair of pink gloves, a pair of purple gloves, pliers, screwdrivers, and a window punch.

Defendant pled no contest to attempted first degree burglary and admitted he had a prior strike conviction and had served a prior prison term. In exchange for his plea, it was agreed he would receive a seven-year prison term.

On March 3, 2015, the trial court sentenced defendant to the agreed-upon term of seven years in state prison, comprised of the upper term of three years for the offense, doubled to six years because of the prior strike, and a consecutive one year for the prior prison term. The trial court also ordered defendant to pay various fines and fees, and awarded him 93 days of presentence custody credit.

Defendant appeals. He did not obtain a certificate of probable cause.

## DISCUSSION

Although we find no errors in the judgment, we do note two clerical errors that require correction. The trial court imposed a $300 restitution fine, along with a $30 collection fee. The collection fee was omitted from the abstract of judgment. Also, the

2

abstract of judgment erroneously indicates that conduct credits were awarded pursuant to Penal Code section 4019.  The trial court, however, awarded defendant limited conduct credits under Penal Code section 2933.1.  Accordingly, we shall direct the trial court to prepare a corrected abstract of judgment reflecting the $30 collection fee and indicating conduct credits were awarded under Penal Code section 2933.1.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract and forward a certified copy thereof to the Department of Corrections and Rehabilitation.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Butz, J.

3