Filed 4/20/16  P. v. Bonner CA3

NOT <u>TO</u> BE <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>AMBER MARIE BONNER,<br><br>        Defendant and Appellant. | C080367<br><br>(Super. Ct. No. CM043379) |

Appointed counsel for defendant Amber Marie Bonner has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d

---

[1]  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

1

436.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On July 15, 2015, the Butte Interagency Narcotics Task Force arrived at defendant's residence to serve a warrant related to a narcotics investigation. Defendant was stopped as she left the residence in her vehicle. Defendant's vehicle was searched and officers found approximately one and a half pounds of methamphetamine and a large amount of cash. Defendant admitted that she was selling methamphetamine to support her drug habit.

Defendant was charged with possession for sale of a controlled substance (Health & Saf. Code, § 11378), transportation with intent to sell a controlled substance (*id.*, § 11379, subd. (a)), and possession of controlled substance paraphernalia (*id.*, § 11364, subd. (a)). It was also alleged, in connection with the possession for sale and transportation counts, that defendant possessed in excess of 28.5 grams of methamphetamine (Pen. Code, § 1203.073, subd. (b)(2))[2] and that she committed the offenses while released on bail or her own recognizance (§ 12022.1).

On August 5, 2015, defendant pleaded no contest to transportation with intent to sell a controlled substance and admitted she had possessed in excess of 28.5 grams of methamphetamine. In exchange for her plea, it was agreed she would receive the upper term of four years in county custody and the remaining counts and allegations were dismissed.

Sentencing took place at the same hearing. In accordance with the plea agreement, the trial court sentenced defendant to four years, to be served in county

---

[2] Undesignated statutory references are to the Penal Code.

2

custody.  (§ 1170, subd. (h).)  The trial court also imposed various fines and fees, and awarded defendant 44 days of presentence custody credit (22 days of actual time and 22 days of conduct credit).

Defendant appeals.  Her request for a certificate of probable cause was denied.  (§ 1237.5.)  We appointed counsel to represent defendant on appeal.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

<u>         BUTZ         </u>, J.

We concur:

<u>     RAYE         </u>, P. J.

<u>     MAURO        </u>, J.