Filed 1/27/21  P. v. Bronson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT TROY BRONSON,<br><br>Defendant and Appellant. | 2d Crim. No. B302855<br>(Super. Ct. No. 19F-02628)<br>(San Luis Obispo County) |

Robert Troy Bronson appeals the trial court's denial of his motion to delete or permanently stay a $10,000 restitution fine imposed pursuant to Penal Code section 1202.4.[1]  We affirm the denial of the motion.

## FACTS

Bronson pled no contest to continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a)) and a lewd act on a child (§ 288, subd. (a)).  Bronson sexually abused a child.

---

[1] All statutory references are to the Penal Code.

The trial court sentenced Bronson to 18 years in state prison and, in addition to other fines and fees, imposed a $10,000 restitution fine. (§ 1202.4.) Bronson subsequently filed a motion seeking to delete or permanently stay the restitution fine. The motion was based on his claim that he lacked the ability to pay the fine. The trial court denied the motion.

DISCUSSION

Section 1202.4, subdivision (a)(3)(A) requires the trial court to impose a restitution fine on a person convicted of a crime. The amount of the fine is set at the discretion of the trial court and commensurate with the seriousness of the offense. (*Id.*, subd. (b)(1).) The fine for a person convicted of a felony must be not less than $300 and not more than $10,000. (*Ibid.*) The court may determine the amount of the fine as the product of the minimum fine multiplied by the number of years of imprisonment multiplied by the number of felony counts of which the defendant is convicted. (*Id.*, subd. (b)(2).) Inability to pay "may be considered" only in increasing the amount of the fine above the minimum. (*Id.*, subd. (c).)

Bronson relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157. In *Dueñas*, the Court of Appeal held that the imposition of criminal fines and fees without a hearing and a determination of the defendant's ability to pay violates due process. The court recognized that section 1202.4, subdivision (c) prohibits the trial court from considering the defendant's ability to pay the minimum restitution fine. The court held that the trial court must "stay the execution of the fine until and unless the People demonstrate that the defendant has the present ability to pay the fine." (*Dueñas*, at p. 1172.)

Courts of Appeal have criticized *Dueñas*. They assert that due process is not implicated because the imposition of fines and fees does not deny criminal defendants access to the courts and does not, without more, result in incarceration for nonpayment. (See *People v. Petri* (2020) 45 Cal.App.5th 82, 91.) Under these cases, the proper framework for analysis is the excessive fines clause of the Eighth Amendment. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069-1072.) A court considers four factors in determining whether a fine is constitutionally excessive: (1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed by similar statutes; and (4) the defendant's ability to pay. (*Id.* at p. 1070.)

We are persuaded that the cases applying an Eighth Amendment analysis are correct.[2] Bronson is complaining that the restitution fine is excessive in light of his income or lack thereof. Where a particular constitutional amendment provides an explicit textual source of constitutional protection, that amendment, not the more generalized notion of due process, must be the guide for analyzing the claims. (*Graham v. Connor* (1989) 490 U.S. 386, 395 [104 L.Ed.2d 443, 454-455] [claim of excessive use of force by police during an investigatory stop must be analyzed under Fourth Amendment, not due process].) Here the Eighth Amendment provides an explicit textual source of constitutional protection for Bronson's claim.

Moreover, *Dueñas* makes the defendant's ability to pay the sole factor in determining the reasonableness of the fine. Due process is not so rigid. (See *People v. Ramirez* (1979) 25 Cal.3d

---

[2] The question is currently pending in our Supreme Court. (*People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, No. S258946.)

260, 268 [due process is flexible].)  Even under a general due process analysis, there is no reason why ability to pay should be the sole factor.  The trial court should be able to consider the same factors it considers under an Eighth Amendment analysis.

Applying the Eighth Amendment excessive fine analysis: (1)  As to the defendant's culpability, Bronson continuously raped and molested a child.  Short of premeditated murder, it is hard to get more culpable than that.  (2)  The harm Bronson did is incalculable.  A $10,000 penalty is not excessive; it is too little.  As the trial court judge stated, considering the facts of the case, "I'm not sure that there is a fine in the State of California that would run afoul of the Eighth Amendment."  (3)  The parties point to similar statutes with which to compare the penalty.  (4) The final element is the defendant's ability to pay.

Bronson admits that he can earn money in prison.  He complains, however, that he can earn very little and the state will take half as payment on the restitution fine plus an administrative fee.  But given the egregious nature of his offense and the continuing harm to his victim, it is not an excessive amount.

The judgment (order) is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.              TANGEMAN, J.


4

TANGEMAN, J., Concurring:

I agree with the result but not the reasoning of the majority opinion. It is unnecessary to criticize our colleagues' opinion in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) to affirm the judgment. More fundamentally, the majority ignores the "'cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more.' [Citation.]" (*People v. Contreras* (2018) 4 Cal.5th 349, 381.)

Penal Code section 1202.4, subdivision (d) provides that "[a] defendant shall bear the burden of demonstrating his or her inability to pay." Bronson did not satisfy this requirement. In moving to delete or stay the restitution fine, Bronson supported his argument by referencing the probation report. But that report, written when he had been in custody for almost four months, stated only that he "reported no sources of income, outstanding debt or financial obligations." It also noted that he was 38 years old and had been previously employed. This showing was plainly insufficient to meet his burden.

At a subsequent hearing, defense counsel attached to his motion an unsworn letter from Bronson stating merely that he was in prison, had no money, and was unemployed. In the absence of a greater showing, the trial court did not err in declining to delete or stay the fine.

Bronson relies on *Dueñas*, *supra*, 30 Cal.App.5th 1157. In *Dueñas*, our colleagues in Division Seven held that the imposition of criminal fines and fees without a hearing and a determination of the defendant's ability to pay violated her right to due process. (*Dueñas*, at pp. 1168-1169.) In *Dueñas*, the evidence showed that the defendant had cerebral palsy and "because of her illness she dropped out of high school and does not have a job." (*Id*. at p.

1160.)  She was a homeless mother of two children whose family relied on public benefits "but she cannot afford basic necessities for her family."  (*Id.* at p. 1161.)  She owned only her clothing and a cell phone which was "frequently disconnected because she cannot afford the $40 per month payment."  (*Ibid.*)  Dueñas had her license suspended because she was unable to pay $1,088 for three juvenile citations.  She continued to drive and spent 141 days in jail because she was unable to pay the fines.  In 2015, she pled no contest to yet another misdemeanor charge of driving on a suspended license and was sentenced to a $300 fine and summary probation.  Unable to pay the fine, she spent another nine days in jail.

Unlike the factual scenario of *Dueñas*, Bronson has not shown that he is disabled, homeless, unable to work or support himself and his dependents when out of custody, or lacks any assets whatsoever.  *Dueñas* is plainly inapposite.  There was no error.

NOT TO BE PUBLISHED.

TANGEMAN, J.

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

,       Richard Lennon, under appointment by the Court of
Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief
Assistant Attorney General, Susan Sullivan Pithey, Assistant
Attorney General, Steven D. Matthews and J. Michael Lehmann,
Deputy Attorneys General, for Plaintiff and Respondent.