Filed 6/24/22  P. v. Kanongataa CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094310 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE019232) |
| v. | |
| GRAME KALI KANONGATAA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Grame Kali Kanongataa filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we found the trial court failed to impose mandatory fees.  We will modify the judgment accordingly and affirm the judgment as modified.

1

FACTS AND HISTORY OF THE PROCEEDINGS

In October 2019, probation officers conducted a probation search of defendant's home. Inside the home, officers found feces on a bed, rotten food, and butane tanks. They also found a "butane honey oil extraction apparatus," which contained, among other things, butane, coffee filters, tubing, and "marijuana shake." At the time of the search defendant's three-year old child was also home.

Defendant was arrested and the People charged him with numerous criminal offenses including manufacturing concentrated cannabis (Health & Saf. Code, § 11594) and felony child endangerment (Pen. Code, § 273a, subd. (a)). In exchange for the People agreeing they would move to dismiss the remaining five charges, defendant pleaded no contest to manufacturing concentrated cannabis and felony child endangerment. The parties also agreed defendant would serve an aggregate term of five years in state prison.

Following his plea, defendant waived a referral to probation and the trial court sentenced him according to the terms of his plea agreement. The court also granted the People's motion to dismiss the remaining charges in the interest of justice, and terminated defendant's probation in an unrelated matter. The court imposed a $300 restitution fine and stayed a $300 parole revocation fine. The court, however, found defendant lacked the ability to pay and waived the remainder of his fines and fees, including the court operations assessment (Pen. Code, § 1465.8) and facilities assessment (Gov. Code, § 70373).

Defendant appeals with a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d

436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

After examining the record, we conclude the trial court erred in failing to impose a $40 mandatory court operations assessment (Pen. Code, § 1465.8) and a $30 mandatory court facilities assessment (Gov. Code, § 70373) on each of defendant's convictions.  We shall modify the judgment to impose the mandatory assessments.  We find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to include a mandatory $80 court operations assessment under Penal Code section 1465.8 and a $60 court facilities assessment under Government Code section 70373.  The judgment is affirmed as modified.  The trial court is directed to prepare an amended abstract of judgment that correctly reflects the judgment as modified and forward a copy to the Department of Corrections and Rehabilitation.


_____
HULL, Acting P. J.

We concur:



_____
DUARTE, J.



_____
RENNER, J.


3