Filed 9/30/21  P. v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060096 |
| v. | (Super. Ct. No. 09ZF0050) |
| GIANG THUY NGUYEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

This is a *Wende* appeal from an order denying appellant's petition for resentencing under Penal Code section 1170.95. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)[1] Having reviewed the record as required under *Wende*, we conclude there are no arguable issues to raise on appellant's behalf. Accordingly, we affirm the trial court's denial order.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant and his fellow gang members conspired to murder a member of their own gang because they feared he might implicate them in a home invasion robbery that had gone awry. Although appellant was not present when the victim was murdered execution-style on the side of the road, he helped orchestrate the hit and arranged for the perpetrator's getaway in his girlfriend's car.

Following a jury trial, appellant was convicted of conspiracy to commit murder and first degree premeditated murder. (§§ 182, subd. (a), 187, subd. (a)(1), 189, subd. (a).) The jury also found true a gang enhancement allegation, as well as special circumstances allegations the murder was committed to avoid arrest and while lying in wait. (§§ 186.22, subd. (b), 190.2, subds. (a)(5), (15).) The trial court sentenced appellant to life in prison without parole for the murder, 25 years to life for the conspiracy and 10 years for the gang enhancement.

We affirmed the judgment in 2016. Two years later, following the passage of Senate Bill No. 1437 (SB 1437), appellant petitioned for resentencing under section 1170.95. After appointing counsel for appellant and receiving opposition from the prosecution, the trial court denied appellant's petition for failure to establish a prima facie case for relief.

Appellant appealed, and we appointed counsel to represent him. Counsel filed a *Wende* brief which set forth the facts of the case. (*Wende, supra,* 25 Cal.3d 436.)

---

[1] All further statutory references are to the Penal Code.

2

Counsel did not argue against appellant but advised the court no issues were found to argue on his behalf. Appellant was given 30 days to file written argument on his own behalf, but he did not avail himself of that opportunity.

DISCUSSION

SB 1437 was enacted to ensure murder culpability is commensurate with the defendant's own actions and mental state. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) To that end, the law restricted the scope of the felony murder rule and eliminated the natural and probable consequences theory for the crime of murder. (*Id*. at p. 959.) These changes were designed to "'ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*Ibid*.)

Section 1170.95 is the procedural mechanism that allows convicted murderers to take advantage of these changes. To obtain resentencing relief under that section, the defendant must have been convicted of murder under the felony murder rule or the natural and probable consequences doctrine. (*Lewis, supra,* 11 Cal.5th at p. 959.) And, the circumstances of his murder must have been such that he could not be convicted of murder now, due to the changes wrought by SB 1437. (*Id*. at p. 960.) If the record of conviction negates either one of those requirements, the defendant is ineligible for resentencing, and the trial court may properly deny his petition for failure to establish a prima facie case for relief. (*Id*. at p. 971.)

Our review of the record in this case reveals the prosecution did not utilize the felony murder rule or the natural and probable consequences theory in securing appellant's murder conviction, nor was the jury instructed on those theories. This means appellant's liability stemmed from his own actions. He was not convicted utilizing a now defunct theory of vicarious liability.

3

Moreover, by finding appellant guilty of premeditated murder and conspiracy to commit murder, and by finding true the special circumstance allegation of lying in wait, the jury necessarily determined he personally harbored the intent to kill. Therefore, as the trial court ruled, he is outside the scope of section 1170.95. Because there is no arguable basis in the record to dispute that ruling, we must affirm.

### DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

4