Filed 7/8/24  P. v. Brookman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>COLBY ALLEN BROOKMAN,<br><br>     Defendant and Appellant. | C100002<br><br>(Super. Ct. No. CRF13-0000135-02) |

Defendant Colby Allen Brookman appeals from a postjudgment order denying his petition for recall and resentencing under Penal Code[1] sections 1170.18, 487, and 490.2. The trial court denied the petition on the grounds that it was successive to a previous motion in 2016 that the court had denied.  While this is not his first appeal as of right, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d

---

[1]     Further undesignated statutory references are to the Penal Code.

1

436 asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant. Counsel's *Wende* brief acknowledged that there may be a question whether the court's order affected defendant's substantial rights under section 1237, subdivision (b).

Defendant filed a supplemental brief arguing that Assembly Bill No. 2356 (2021-2022 Reg. Sess.) (Assembly Bill 2356) (Stats. 2022, ch. 22, § 1) recently amended section 487 to raise the monetary threshold to $950 for a felony offense, and therefore he was entitled to be resentenced to a misdemeanor because he claims the victim's video camera was worth less than $750 when he took it from the victim's person.

Assuming the denial order affected defendant's substantial rights since section 1170.18 presently provides an avenue of relief to individuals who have completed their sentences (§ 1170.18, subd. (f)), we affirm the order denying relief.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2013, defendant was charged with multiple criminal offenses, including attempted robbery, battery resulting in serious bodily injury, dissuading a witness, criminal threats, and vandalism exceeding $400 in damages. For the attempted robbery, it was alleged that defendant inflicted great bodily injury during the offense.

In June 2013, the prosecution amended the information to add an additional count, grand theft from a person and an attached great bodily injury enhancement. Defendant pled no contest to the added grand theft from a person count and admitted the great bodily injury enhancement. As the factual basis for his plea, defendant stipulated that, "in addition to the facts contained in the preliminary [examination] transcript," he "took possession of the victim's video camera that [the victim] was holding in his hand and briefly carried it away with the intent to permanently deprive the victim of [the] camera." Under the terms of the agreement, victim restitution was reserved in an amount to be determined.

2

The trial court suspended imposition of sentence and placed defendant on five years of formal probation with various terms and conditions, including one year in jail and $10,792.42 in victim restitution. The remaining counts and allegations were dismissed.

In January 2015, the trial court imposed a four-year four-month prison sentence concurrent to the sentence in another criminal matter that is not subject to this appeal. The court imposed the low term of one year four months for the grand theft offense plus a consecutive three years for the great bodily injury enhancement. The court imposed direct victim restitution in the amount of $10,792.42. Nothing in the record indicates that defendant appealed the judgment.

In October 2023, defendant filed a motion for recall and resentencing under sections 1170.18, 487, and 490.2. He argued that section 487 had recently been amended effective January 1, 2023, to make a section 487 violation a wobbler offense and that he was entitled to be resentenced under section 490.2. Citing the abstract of judgment, the petition alleged that the video camera defendant had stolen was valued at $792.42.

In a written minute order filed November 1, 2023, the trial court denied the petition. In so doing, the court noted that a previous motion, impliedly on similar grounds, was filed and denied on May 6, 2016.[2] Defendant appeals without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to

---

[2] The November 1, 2023 minute order states that a copy of the minutes from May 6, 2016, denying defendant's previous motion on similar grounds was attached. The record on appeal does not include a copy of the May 6, 2016 minute order or defendant's previous resentencing motion.

determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant's supplemental brief contends the trial court erred in denying his resentencing petition because Assembly Bill 2356, which went into effect on January 1, 2023, amended section 487 to require that the property stolen be worth more than $950 before a theft offense qualifies as a felony.

Grand theft is defined in section 487, providing with exceptions not applicable here that it is committed "[w]hen the money, labor, real property, or personal property taken is of a value exceeding nine hundred fifty dollars ($950)." (§ 487, subd. (a).) Effective January 1, 2023, the Legislature amended section 487 to add subdivision (e), which provides: "If the value of the money, labor, real property, or personal property taken exceeds nine hundred fifty dollars ($950) over the course of distinct but related acts, the value of the money, labor, real property, or personal property taken may properly be aggregated to charge a count of grand theft, if the acts are motivated by one intention, one general impulse, and one plan." (Stats. 2022, ch. 22, § 1.)

Newly added subdivision (e) of section 487 thus involves situations where the value of the money taken exceeds $950 over the course of distinct but related acts of petty theft that each are less than $950 but aggregate to more than that sum. Nothing like that occurred here. Defendant was convicted of grand theft of a person for taking a video camera from the victim's hands on a single occasion. Assembly Bill 2356's aggregation amendments to section 487 have no effect on defendant's conviction.

To the extent defendant argues the camera was worth $792.42, which is less than $950, we note his petition cited the abstract of judgment to support the allegation regarding the camera's value. The abstract of judgment, however, shows defendant was ordered to reimburse the victim $10,792.42 in direct restitution. Thus, nothing in the record shows the value of the camera was $950 or less.

4

The trial court denied the motion as successive to a previous motion impliedly made on the same grounds and that the trial court denied in 2016. Defendant's previous motion and the court's prior denial are not in the record. Nevertheless, we may affirm a trial court order that is correct on any grounds. (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 145 [a trial court ruling that is correct in law will not be disturbed on appeal merely because given for a wrong reason; if correct on any theory, an appellate court will affirm regardless of the trial court's reasoning].) Because Assembly Bill 2356 does not compel redesignating defendant's felony grand theft conviction as a misdemeanor, the trial court properly denied the petition regardless of whether the petition may or may not have been successive.

## DISPOSITION

The order denying defendant's section 1170.18 petition is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
DUARTE, J.

/s/_____
WISEMAN, J.[*]

_____

[*]     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5