Filed 1/23/25  P. v. Chavez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063870 |
| v. | (Super. Ct. No. 02NF2781) |
| JOSE OSCAR CHAVEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Laura Beth Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2007, a jury convicted Jose Oscar Chavez of a murder that he committed when he was 17 years old. The trial court imposed a sentence of 40 years to life, meaning that Chavez is eligible for parole at age 57.

In 2024, Chavez filed a petition for resentencing, arguing that his life sentence *with* the possibility of parole was the functional equivalent of a life sentence *without* the possibility of parole (LWOP). (Pen. Code, § 1170, subd. (d)(1).)[1] The trial court denied the petition. Chavez appealed.

Appointed counsel filed an opening brief summarizing the procedural facts, but raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Chavez requested two extensions of time, but he ultimately did not file a supplemental brief on his own behalf.

In the interest of justice, this court has independently reviewed the record. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may . . . exercise its discretion to conduct its own independent review of the record in the interests of justice"].)

We agree with appointed appellate counsel and find no arguable issues. Thus, we affirm the trial court's order.

I.

FACTS AND PROCEDURAL BACKGROUND

In 2002, Chavez admitted he was the driver in a drive-by shooting. In 2007, a jury convicted Chavez of murder, related crimes, and

---

[1] Further undesignated statutory references are to the Penal Code. "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for *life without the possibility of parole* has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A), italics added.)

2

found true firearm and gang enhancements. The trial court imposed an aggregate sentence of 40 years to life. This court affirmed the judgment on direct appeal. (*People v. Chavez* (Nov. 20, 2008, G038830) [nonpub. opn.].)

In 2019, Chavez filed a petition for resentencing under former section 1170.95 (now § 1172.6). The trial court denied the petition following an evidentiary hearing. This court affirmed the court's ruling after his appointed counsel filed a *Wende* brief. (*People v. Chavez* (Apr. 26, 2022, G060584) [nonpub. opn.].)

On February 9, 2024, Chavez filed a petition under section 1170, subdivision (d)(1), which allows juvenile offenders sentenced to LWOP to petition for resentencing. The statute also applies to juvenile defendants "sentenced to the functional equivalent of" LWOP as a matter of equal protection. (See *People v. Heard* (2022) 83 Cal.App.5th 608, 612.)

On February 27, 2024, the trial court denied the petition, finding Chavez's 40 years to life sentence the possibility of parole at age 57 was "not the functional equivalent of LWOP." [2] (See *People v. Perez* (2013) 214 Cal.App.4th 49, 57 [parole eligibility at age 47 was not the functional equivalent of an LWOP sentence].)

On March 5, 2024, Chavez's appointed trial counsel filed a notice of appeal on his behalf.

On August 27, 2024, Chavez's appointed appellate counsel filed an opening brief raising no arguable issues. (See *Wende, supra,* 25 Cal.3d

---

[2] We note that Chavez "shall be eligible for release on parole at a youth offender parole hearing during the . . . 25th year of incarceration." (§ 3051, subd. (b)(3); *People v. Franklin* (2016) 63 Cal.4th 261, 277 ["section 3051 has superseded Franklin's sentence so that notwithstanding his original term of 50 years to life, he is eligible for a 'youth offender parole hearing' during the 25th year of his sentence"].)

436.) Counsel averred that she had notified Chavez "that he may file a supplemental brief within 30 days of today and provided him with a copy of the record on appeal."

On August 29, 2024, this court notified Chavez by mail that he could file a supplemental brief on his own behalf within 30 days.

On September 30, 2024, appellate counsel filed a letter requesting that Chavez be given an additional 30 days to file a supplemental brief. Counsel explained that the record on appeal had been returned as undeliverable and she had mailed another copy to Chavez.

On October 1, 2024, this court granted the request for an extension of time to file a supplemental brief (to October 31, 2024).

On October 3, 2024, Chavez filed a letter asking for additional time to file a supplemental brief.

On October 4, 2024, this court granted the second request for an extension of time to file a supplemental brief (to December 4, 2024).

On December 13, 2024, this court noted that no supplemental brief had been filed after the two extensions of time (65 days total).

## II.

## DISCUSSION

When a defendant's appointed counsel identifies no arguable issues on appeal from a postjudgment proceeding, an appellate court may independently review the record for arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 230; *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is

meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, we have independently reviewed the record on appeal. We agree with appointed appellate counsel and conclude there are no arguable issues. Thus, we affirm the trial court's order, which denied Chavez's petition for resentencing under section 1170, subdivision (d)(1).

## III.

## DISPOSITION

The trial court's order denying Chavez's petition for resentencing under section 1170, subdivision (d)(1), is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


SCOTT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.